CHARLES JOHNSON vs. THE NORWICH AND WORCESTER RAIL-
ROAD COMPANY.

The petitioner was the owner of certain seven year bonds, with coupons attached,
dated in 1860, executed by the respondents, and secured with other like bonds
by a mortgage to the treasurer of the state and an assignment to trustees of
certain stocks. The bonds after due were presented for payment, and payment
tendered by the respondents in legal tender notes, which were refused. Held—
1. That the petitioner was entitled to payment of the bonds and coupons
in coin, the court so holding upon the authority of the decision of the Supreme
Court of the United States as to the unconstitutionality of the Legal Tender
Act, and without any consideration of the merits of the question. 2. That
the petitioner was entitled to have such proportion of the stock held in trust
as the amount of his bonds bore to the whole amount secured, sold, and the
net avails converted into coin and paid over to him, to be applied upon the
coupons and bonds. 3. That for any balance remaining unsatisfied a decree
should be passed foreclosing the mortgage unless such balance should be paid
in coin. 4. That interest should be allowed on the bonds after due, but not
on the coupons. 5. That the costs taxed by the court should be made paya-
ble in currency.
And held that there was no principle upon which the payment of the bonds and
coupons could be decreed to be made in currency to an amount equal to the
currency value of the gold on the day when the bonds fell due, but that pay-
ment must be decreed in coin itself.

BILL for a foreclosure, brought to the Superior Court in
New London County, and reserved on facts found for the
advice of this court. The case is sufficiently stated in the
opinion.

*Pratt,* for the petitioner.

*Wait* and *Halsey,* for the respondents.

BUTLER, C. J. The only question reserved for our consid-
eration in this case is as to what decree should be passed
therein. The petitioner is the owner of seventeen bonds,
with coupons attached, executed by the respondents, and se-
cured by the mortgage and stock set out in his petition, namely,
a mortgage to the treasurer of the state of Connecticut, and
an assignment in trust to Jedediah Huntington and Franklin
Nichols, of certain shares in the Norwich & New York Trans-

portation Company. The bonds were overdue when the petition was brought, and had been presented for payment, and payment tendered in legal tender notes. The bonds were seven year bonds, dated in 1860, prior to the passage of the legal tender act, and the petitioner insists that he has a right to be paid in coin, and that the tender is inoperative.

1. We are of opinion that the petitioner is entitled to have the bonds and coupons paid in coin, and that the tender was insufficient. To that effect are the decisions of the Supreme Court of the United States, and whatever might be our own opinion upon a full argument of the question, we should feel it our duty to follow those decisions until reversed by the court that made them.

2. We are of opinion that the petitioner is entitled to have such proportion of the stock held by Huntington and Nichols, as the amount of his seventeen bonds bears to the whole amount of bonds secured, sold in a reasonable time and manner, and the net avails received in or converted into coin, and paid over to him to be applied in payment of the coupons and bonds.

3. If any balance remains unsatisfied by the avails of the stock, a decree should be passed in favor of the petitioner, foreclosing the respondent unless the balance remaining due on the bonds and coupons shall in like manner be paid in coin, in such time as the court may deem reasonable, all costs and expenses accruing out of this litigation, taxed by the court, to be made payable in currency. Interest on coupons should not be allowed, but interest should be charged upon the bonds, and be paid in coin.

We have not been able to see any principle upon which payment in legal tender notes can be decreed to an amount equal to the sum due and the premium upon gold on the day when the bonds fell due. The object of this proceeding is to enforce payment in coin, and it is not in the power of the court to direct the payment to be made in anything else of equivalent value when the bonds fell due or at the time when payment should in fact be made. The respondents could not legally have tendered a sum in greenbacks equal to

the value of gold in currency on the first of August, or at any time, nor could the petitioner demand it. And that which could be neither tendered nor demanded, cannot be decreed.

In this opinion the other judges concurred.